Good morning. My name is Manuel Murdock and I'm the attorney for the appellant Muhammad Nawai. I'd like to reserve two minutes for rebuttal. May it please the court, the district judge here plainly erred when he denied Mr. Nawai's motion for Rule 29 or motion for a judgment of equivalent under Rule 29a. Under Rule 29a, I'm sure you're not going to be surprised, especially based on the last argument, that I'm going to say under Rule 29a, what's my standard of review? In this case, it's plain error. I know it's plain error, but if I didn't have the fact that nobody made a motion at the end of trial and I just had a Rule 29 in front of me, what would be my standard? It would be a de novo review. No, it wouldn't be de novo. I would look at it and I would say, hey, giving the prosecution every benefit of the doubt as to the facts they're in, there's no evidence which would sustain this conviction. Isn't that my standard? Well, under Rule 29? The way I understand it is that it's actually, would a rational juror find that there's enough evidence to find the conviction? I have construed the evidence in the life most favorable to the prosecution than any rational juror. That means it doesn't have to be a wild juror. Just anybody could have found the essential elements of the crime beyond a reasonable doubt. Now, the judge has to look at that, look at this, and say, is there any evidence that would sustain this at the time of the Rule 29 motion? Now, based on the fact nobody made a motion at the end of the trial, not only did the judge have to make an error, the judge has to make a plain error, right? Correct. So here, if I read what the judge did and what the judge had in front of him, I guess I'm having a tough time understanding how one could get to that fact. Your brief argues all your evidence, but you never even look at what evidence was really in the case. You never look at the evidence which the prosecutor put forth to Judge Windmill when he was making this. He went through and laid out exactly what the evidence was that could convict your client. You never even addressed that in your brief. How can I suggest in that instance there's error? Well, certainly, I'm not suggesting that they didn't present evidence. I think they were... Not only did they not, they discussed her age several times. They all suggested she was age 13, that she was a virgin, that she gave him her information about how to get ready to have sex. He sent her images of 13-year-old girls having sex, said they were 13. He told her to masturbate. He commented that it may be too early for her to have sex. All of those things are in the record, and that's exactly what the prosecution said to Judge Windmill. How can you throw this out given this evidence? And you don't even suggest, you don't even give it, you don't even say, well, I'm trying to figure out what do I do about that? Well, our contention here today is despite that evidence, I acknowledge that they submitted that. Well, you can't say despite. This is all the evidence most favorable to the prosecution. That's why I'm not arguing about your evidence, those pictures. I could say what part of those is favorable to the prosecution, and we could have an argument, but I don't want that argument. What I don't understand is, here I have this review on a 29 motion at the end of trial. Nobody makes it just that. It's got to be clear error, and now you want me to find it. I'm having a tough time. Well, I can see... I mean, address the evidence that the prosecution had that you've never addressed any other place. How do I get rid of that evidence in suggesting that this conviction was not, should not have been maintained? That the Rule 29 motion should have been granted? How do I get rid of it? Well, I'm not suggesting that it just goes away. Do you think your evidence is so far superior that it undoes this evidence? Is that what you're arguing? Correct, yes, exactly. Well, but how can that be? Because, I mean, as Judge Smith has just noted, that we have to give all... You had the opportunity to make this argument to a jury, and so our review is not to sit in the place of the jury again. We have to give the prosecution all benefit of the doubt, and so I don't know how you can... I mean, what you seem to be advocating for is a re-weighing of the evidence to say, yes... I mean, do you have any response to this incriminating evidence? You're just saying, that's all there, but we have this other stuff. We have these photos that suggested she was over 13. That's exactly it. That is there. I understand that, but... But if five pieces of evidence weigh for you, and five pieces of it... And I'm not even saying that's where this sits out, but if it's equal, that's what the jury system's for. The jury gets to decide how to weigh those competing pieces of evidence. Before us, you have to come in and say, there isn't five... There's not five pieces of evidence that support the prosecution. There's zero. I think... I mean, isn't that what the standard requires us to do? Looking at the case law that was cited in the government's brief, and another case law, where this court has weighed that out. Whether they decide, is there sufficient evidence, or is there insufficient evidence to maintain the conviction? What I see this court doing is, once again, looking at all the evidence, and then just making a judgment call. They look at the elements that are required to be proven, and then they look and see what evidence supports that, and whether it's there or not. But that's already been... That call has already been made. I now have to give deference to that judge, and I give deference to that judge by looking at all the evidence based on what the prosecution wants me to say. I can't look at your side. I can't take your client's side here. It's based on what the prosecution wants it to say, and then I have to make that determination. That's why this is so tough. That's why a Rule 29 motion, which I had a lot of times on the bench, was so tough for me. I couldn't just say, what do I think? I've got to say, well, if I look at it in the best possible light for the prosecutor, can I really say there's nothing? And that's why you couldn't grant a lot of them. Even though you may have agreed with the defendant, you've got to look at all the evidence and give it the best possible light for the prosecutor. Let me ask it this way. What's your best case to show that this was plain error here? You've kind of intimated that there's these other cases where we've re-weighted, but what's your best case that says that we can go in and sort of re-weight this evidence and do a new calculus? I will answer that question. I can just see that I'm getting close to my two minutes. You can always answer our question. We'll give you time to do that. As I researched this and looked at the cases, what I found is that I couldn't find a case that was really similar to this one. Okay, well, I appreciate your candor, but doesn't that sort of undermine the whole argument? You've got to show it's plain error. If you can't find a case, I mean, doesn't that mean you don't meet the plain error standard? Well, this could certainly be an original case, and I think it is, under the facts and circumstances that were presented and that I brought out about photographs and his doubt as to whether it was her in the photographs. What I see, I mean, I have seen cases where the court comes down, looks at the evidence, and says, obviously there's plenty here. There was sufficient evidence to sustain the conviction. Other cases where they come down and say, no, there was not enough evidence to sustain the conviction, what I think the value is in those cases is just looking at the process and going back to what I was talking about before is this court would have the work right now to go back and look at the evidence and decide whether or not there was enough to sustain the conviction on that element. Let me ask it in a more concrete way. If this record shows, if there's information in this record that indicates maybe he did know that she was 13, and then there's evidence in the record that indicates maybe he didn't know that she was 13, then there's nothing we can do about that, right? We would look at it in the light most favorable to the prosecution and say, well, I guess if it was a judgment call, could go either way. Jury got to decide. So it seems to me you, to win, have to point to us something that definitively shows he thought she was not 13, that she was an adult. What's the one piece of evidence? Is it just the picture that you have argued in the case indicates that she looked older than 13? Partly. It's not just the pictures, but it's the fact, it's the effect that the pictures had on him. When he saw them, it caused him to doubt that it was even her in the pictures and caused him to doubt her age. Okay, so then it seems like we're back to this is a judgment call because yet he questioned her in their communications about that doesn't, that doesn't look right, that's not you, whatever. But then after that, we have more communications between the two of them where at a minimum he's going along with the ruse that she's 13. And wouldn't a jury be able to look at that and go maybe he was playing along or maybe he thought she was 13? Yes, that's certainly an interpretation. Is it a reasonable one? I don't believe that a rational juror would come to that conclusion in light of the other evidence that I cited. Okay, we'll give you a little bit of time for rebuttal as well. Thank you. Thank you. Good morning. May it please the court. My name is David Robbins and I have the privilege of representing the United States. It's nice to join you here today in Idaho Falls for the first time in Ninth Circuit history. Your Honors, the sole issue before this court is whether or not the district court plainly erred in denying the defendant's Rule 29 motion. The district court did not plainly err. Rule 29s are often raised. It's a flag that's often raised but very rarely saluted given the high deferential standard to the prosecution and the light most favorable to the prosecutor. It's a question of whether or not any rational juror could conclude that this case has been proven beyond a reasonable doubt. And in this case, the evidence I would submit to this court is simply overwhelming. And there's four large areas of evidence in this case that support that conclusion. The first are the direct communications from the cat persona. The cat persona told the defendant in the communications approximately 11 times her age explicitly as being 13. The cat persona within 11 minutes stated she was 13 in the communications. In addition, images were sent that corroborated the appearance of a child. Well, I mean, can I ask about the images because that seems to be where this sort of hits a little bit of a stumbling block because the images, it's interesting how these are set up. They're composite images. They're not, I mean, is it fair to say they're AI generated? No, Your Honor. Okay, tell me a little bit about that. Off the record, it's not on the record. To some limited extent it is, but they will find an adult woman, usually a volunteer or a police officer, somebody associated with law enforcement, and then they will age regress them to software. So it's AI to some extent. Right, but not an initial. So they're from a real photo and then they're regressed. Admittedly, you look at some of these photos and you're, I mean, he had the rational response of that, that's not you. That's not a thirteen-year-old individual. Why is it done that way? I mean, do you agree? I mean, I know what the legal response is, but I'm more interested in if that cast doubt, isn't that a reasonable doubt for him to have to say, well, I know you told me you're 13, but you sent me a photo that you say is you and it's clearly not 13. Oh, Your Honor, it's much like beauty is in the eye of the beholder. The interpretation of these images are in the eye of the beholder, and in this case, that was an image of the same child, age regressed at various stages, and I cannot agree with the court that it does show somebody under the age of majority. As we all know, pubescence and maturity take varying steps, and in this particular case, when it's sent over a messenger, it's a compressed file as viewed on a cell phone. It may not appear in the high-definition way as presented, and of course, shading and the complexities of life, and as I mentioned, the pubescent stages don't make that evidently clear, and of course, the jury was free to draw that inference. Well, I think that's, I mean, to a certain degree, it seems like your response to my question is it doesn't really matter for that very reason. It was sent to the jury. The jury made the determination, and so for Rule 29, it's not, my questions are interesting but not really relevant, I think. I would agree with the court, yes, because of course, the jury could have easily found if they wanted to, and I wouldn't say easily found given the weight of the evidence, but they could have looked at that and said, oh yeah, that one image that shows a hint of a bosom and perhaps a tattoo or shadow or ribbing, and the curvature of the hip and the relative heights, perhaps that provided the doubt, but that certainly wasn't the case here on the balance of all the evidence. I read the record of all the communications, and my recollection is that after that photo was sent, there was, well actually, I don't remember, the videos that were sent of young girls engaging in sexual activity. Was that before or after the pictures that we're talking about? It was after, Your Honor. It was after? Yes. And there certainly was discussion after those photos about preparing somebody who is not sexually active for sex? Yes, Your Honor. As a matter of fact, there was an image sent prior to the questionable image that wasn't necessarily nudity but close to it, in which the defendant was discussing an anatomical term he wanted her to take a picture with or play, and then after the questionable image, it then proceeds to pornography, full sexual intercourse, in which the defendant represented that as being a 13-year-old, the same age as the cat persona. But when we look at the direct communications, both stated ages, both circumstances as well, the cat persona at the entire time was in role. Grandmother, parents, phone taken away, grounding, they don't give licenses to 13-year-olds, is a very convincing, in my estimation, ruse, and there's plenty of evidence by which the jury can conclude as they did. In addition to that, we have the defendant's responses. The defendant responded and acknowledged the age a total of ten times during the conversation. The defendant was concerned about pain with sexual intercourse, and a concern that wouldn't normally attend intercourse with an adult. And then, of course, he coached and encouraged masturbation to ready the child for sex. In addition to that, he sent the images, and he also expressed in his communications concerns about being caught by the grandma and getting in trouble. At no time did the cat persona ever say she was above the age of 13, and at no time did the defendant ever accuse the cat persona of being under the age, or above the age of 13. So what was said is just as important as what was not said. In this case, Cat never said she was an adult. She never said she was role-playing. She never said she was fantasizing, and she never expressed communications inconsistent with the persona held by law enforcement. And even if any of those had existed, that still would have been a question for the jury, right? Still would have, Your Honor, and I'd submit we win, because this was a properly given verdict on ample evidence. But that was never said, which just supports the district court's conclusion, and underscores the fact that they did not plainly err. In addition to the defendant's statements, what he didn't say, he never said he was role-playing. He never said he was fantasizing. He never indicated that he thought the child was above age. He just simply accused an image of not being the same age of the child, not even necessarily reflecting on age and propriety. So what was said versus what was not said tells the entire story. Now with respect to defense counsel, I appreciate their motion, but it is false. The analysis is fatally flawed for two large reasons. The first reason is it does ignore the entirety of the evidentiary universe. He raises one major point in his brief, saying that the profile list of the child's age is 20. And that's typical practice in these cases, because if you put 14, the app won't let you in in the first place, and the ability for law enforcement to operate in these spaces to catch him won't work. But within 11 minutes, very near the onset of the conversation, the cat persona states, I'm 13 years old, please don't report me. The defendant acknowledges that age and even goes further, saying you're going to be banned from this platform, and they move communications to another platform. So while the defendant says that her representation of age of 20 should have granted out of axiomatically the Rule 29 motion, it ignores the remaining evidence. And that is not a proper analysis under Rule 29. It's not a puzzle to be smashed apart, to individually examine a piece and determine we don't know what the picture is. In addition, it certainly doesn't give the benefits of the light most favorable to the government in his analysis, as it was mentioned with the picture. Of course, it could be an above-age woman with a tattoo on her ribcage, which would indicate that she may be over the age of 18. And truth be told, there are 13-year-olds with tattoos. It only requires parental consent. That being said, the detective on the stand testified that it may be a ribcage, and we don't know what the defendant thought. But we are required to interpret that evidence in the light most favorable to the government, and that certainly could be a 13-year-old child. Well, and even, I guess I keep coming back, even if these clearly were photos of a 20-year-old or an adult, that still wouldn't actually get the appellant the relief they're seeking, right? Because we, you can't just ignore this other evidence. The other evidence has to almost be negated out to zero, right? Yes, Your Honor, it does. And I would simply submit that this case is overwhelming when we look at it and provide the best inferences to the government, the light most favorable, the rational trier of fact, and we look at the entire evidentiary universe. This case is properly decided. The jury returned a just verdict, and the court certainly did not plainly err in their interpretation of a Rule 29 motion by the defendant. So with that, I will respectfully submit to this panel, but before I do, I will stand for any questions. Thank you. Thank you. And with respect, I ask that you affirm the district court. I appreciate it, and we'll give two minutes for rebuttal. Thank you. I understand Kat was in a role, and she was she was playing it. What is compelling to me is that the role didn't fool Mr. Nwai. Once he saw the photographs, he questioned her age. But see, that's part of the problem. You use that as a fact that supports you. I think it actually hurts you, because his claim is, those aren't photos of you. He didn't say, I question your age. He said, those aren't photos of you, because those are photos of an adult in year 13. Well, he didn't say it in those words, but I do believe he did question her age. In the excerpts on page 209, after he says, you're joking, you're joking me. These aren't your images. This isn't you in the images. And then he asked, how old are you? And this is after she's told him she's 13 years old several times. To me, that's, he's questioning her age at that point. Clearly, he wasn't fooled by it. And from then on, you're correct, there were interactions and further interactions with him. But you agree that some of the communications we've referenced earlier happened after the photos were sent. Yes, there were further communications afterwards. What I see, that given he's expressed his doubt as to her age, he has this conversation going with another person that he wants to explore and keep going. Not an acknowledgment of what his belief of her age is. He's just working with what she's giving him to keep the conversation going. If she says she's 13 years old, sure, he'll go with it. But that doesn't mean he believed that she was 13 years old. And I think it's clear that he expressed that, well, as was argued, I think he had good cause to believe that she was an adult based on what was presented. And so with that, I don't have anything further. I'll stand for any other questions. Okay, well thank you. Thank you to both counsel for your arguments in the case. The case is now submitted and that concludes our arguments for the day and the court is adjourned.
judges: SMITH, NELSON, FORREST